UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08-CV-77-F

COURTNAY BRISSETT and )
LADWIN BRISSETT, )
        Plaintiff, )
 )
v. )   ORDER
 )
FREEMONT INVESTMENT & LOAN )
CORPORATION; WELLS FARGO BANK )
MINNESOTA; NATIONAL ASS'N /EMC )
MORTGAGE COMPANY; DEUTSCHE )
BANK NATIONAL TRUST, COMPANY; )
AMERICA'S SERVICING, LLC; GREEN )
TREE SERVICING, LLC; LITTON LOAN )
SERVICING, LLC, )
        Defendants.

This matter is before the court on the Motion to Dismiss [DE-25] filed by Defendant Fremont Reorganizing Corporation, f/k/a Fremont Investment & Loan.

## I. STATEMENT OF THE CASE

A thorough statement of the present case requires the court to first take note of a previous case filed in this district by the *pro se* Plaintiffs: *Brissett, et al v. Freemont Investment & Loan*, Civil Action No. 4:07-CV-108. In an Order filed on January 8, 2008, Chief Judge Louise W. Flanagan allowed Defendant Fremont Reorganizing Corporation's[1] motion to dismiss, finding that Plaintiffs had not properly served Fremont. *See* January 8, 2008 Order [DE-14] in Civil Action No. 4:07-CV-108. Specifically, Chief Judge Flanagan found that the summons and

---

[1] The defendant designated as "Freemont Investment & Loan Corporation" represents that it is now known as Fremont Reorganizing Corporation. The court will refer to the defendant as Fremont Reorganizing Corporation throughout this order.

complaint were not directed or addressed to any of the individuals required to be served under Rule 4(j) of the North Carolina Rules of Civil Procedure. Chief Judge Flanagan dismissed Plaintiffs' claims without prejudice, and specifically provided:

> If plaintiffs seek to renew their presentation of claims against defendant in a successive lawsuit, plaintiffs are admonished to properly serve defendant in accordance with the foregoing. The court, within its discretion, will dispense with the requirement for payment by plaintiffs, proceeding *pro se*, of a second filing fee.

*Id.* at p. 7.

Plaintiffs thereafter filed the Complaint [DE-1] in this action alleging claims against Fremont. The docket in this case reflects that the Clerk of Court noted that Plaintiffs failed to submit a Civil Cover Sheet or proposed summonses in this case, and that a deputy clerk called Plaintiff Ladwin A. Brissett and advised him that the Clerk's Office would send a Civil Cover Sheet and blank Summons. The Clerk's Office also advised Ladwin Brissett that Plaintiffs had failed to sign the Complaint. On May 19, 2008, the Clerk's Office wrote Plaintiffs, and returned the filing fee Plaintiffs paid in this case in accordance with Chief Judge Flanagan's earlier order. The letter also stated:

> Also enclosed is a JS44 Civil Cover Sheet and three blank Summons. Please complete these forms and return them to the Clerk's Office as soon as possible. Without these forms your ca[se] will not go any further.

May 19, 2008 Letter [DE-3].

The record reflects that the May 19, 2008, letter was returned to the Clerk's Office on June 12, 2008. *See* Notice [DE-4]. The Clerk of Court located another address for Plaintiffs, and sent the May 19, 2008, letter to that address. There is nothing in the record that indicates the letter was not delivered to Plaintiffs.

On August 15, 2008, Plaintiffs filed an Amended Verified Complaint [DE-6] naming the following parties as defendants: Freemont Investment & Loan Corporation, Freemont General Corporation, Wells Fargo Bank Minnesota, National Association/EMC Mortgage Company, Deutsche Bank National Trust Company, America's Servicing, LLC, Green Tree Servicing, LLC, and Litton Loan Servicing, LLC. The Amended Verified Complaint appears to be an incomplete document, but appears to allege claims for unfair and deceptive trade practices and an accounting. Plaintiffs appear to direct these claims only to Defendant Fremont.

Several of the named Defendants filed motions to dismiss, which were allowed by this court in an order filed on February 19, 2009 [DE-65]. The court did not rule on Defendant Fremont Reorganizing Corporation's Motion to Dismiss in that order because it erroneously believed that the case was stayed as Fremont Reorganizing Corporation. In fact, the case is stayed as to Fremont General Corporation. *See* Corrected Order [DE-49].[2] Accordingly, the court will now consider Fremont Reorganization Corporation's Motion to Dismiss.

## II. ANALYSIS

In the Motion to Dismiss, Fremont Reorganizing Corporation argues, *inter alia*, that Plaintiff's Amended Verified Complaint should be dismissed pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure for insufficient process and insufficient service

---

[2] The Corrected Order stated that Plaintiffs' Motion for Extension of Time to Respond [DE-47] to Fremont's Motion to Dismiss [DE-25] was to be held in abeyance because of the filing of the notice of bankruptcy as to Fremont General Corporation. Fremont Reorganizing Corporation's Motion to Dismiss [DE-25], however, did not concern Plaintiffs' claims against Fremont General Corporation, so it does not appear that it was necessary to hold Plaintiffs' Motion [DE-47] in abeyance.

Plaintiffs, in fact, filed their Response to all the pending motions to dismiss, including Fremont Reorganizing Corporation's motion, on November 17, 2008. Accordingly, the court ALLOWS Plaintiffs' motion [DE-47] for an extension of time.

3

of process. A plaintiff bears the burden of showing that the service of process, and the process itself, complies with the requirements set forth in Rule 4 of the Federal Rules of Civil Procedure. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). The Fourth Circuit has counseled that

> [w]hen the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

*Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

Rule 4(b) provides that a plaintiff must present a properly completed summons for each defendant in an action to the clerk, who will then sign, seal, and issue the summonses to plaintiff for service upon each defendant. Rule 4(a) sets forth the requirements for a properly completed summons.

With regard to service of process, Rules 4(e) and (h) of the Federal Rules of Civil Procedure provide that service on a corporation may be made pursuant to the "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." North Carolina Rule of Civil Procedure 4(j)(6)(c), in turn, allows for service on a corporation "[b]y mailing a copy of the summons and of the complaint registered or certified mail, return receipt requested, addressed to the officer, director or [authorized] agent."

4

In this case, Plaintiffs failed to submit summonses for any of the defendants, despite a reminder from the Clerk of Court to do so. Moreover, Plaintiffs failed to effect proper service upon Defendant Fremont Reorganizing Corporation. In this case, Plaintiff, via U.S. Mail, sent a copy of the original Complaint addressed to "Freemont Investment & Loans Corporate Headquarters 2727 E. Imperial Highway, Brea, CA 92821." Plaintiffs also mailed a copy of the original Complaint to Fremont Reorganizing Corporation's counsel in this action, who is not authorized to accept service on behalf of the company. Fremont Reorganizing Corporation represents that the Amended Complaint was not served on anyone connected to the company.

Plaintiffs filed a response to the pending to the motions to dismiss, but did not address the arguments regarding the insufficient process and insufficient service of process. Nor is there any indication in the record, since the filing of the various motions to dismiss, that Plaintiffs have submitted proposed summonses to the Clerk of Court or attempted to effectuate proper service upon any of the moving defendants, including Fremont Reorganizing Corporation.

Despite a warning from the Clerk of Court, Plaintiffs failed to comply with the basic strictures of commencing a suit in federal court and submit summonses for each of the named defendants. Moreover, despite Chief Judge Flanagan's admonishment to Plaintiffs in Civil Action No. 4:07-CV-108 to comply in any future actions with the applicable rules for effecting service, Plaintiffs have failed to properly serve Fremont Reorganizing Corporation. Accordingly, pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure, the Motions to

Dismiss [DE-25] is ALLOWED, and Plaintiffs' claims against Defendant Fremont Reorganizing Corporation, f/k/a Fremont Investment & Loan Corporation are DISMISSED.[3]

### III. CONCLUSION

For the foregoing reasons, pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure, the Motions to Dismiss [DE-25] is ALLOWED, and Plaintiffs' claims against Defendant Fremont Reorganizing Corporation, f/k/a Fremont Investment & Loan Corporation are DISMISSED. Plaintiff's Motion for an Extension of Time [DE-47] is ALLOWED. The Clerk of Court is DIRECTED to continue the management of this case.

SO ORDERED. This the 22nd day of February, 2010.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[3] Because the court has dismissed Plaintiffs' claims against Fremont Reorganizing Corporation for failure to effect service of process and for insufficient process, the court does not reach the moving defendants' remaining arguments in support of their motions to dismiss.