UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08-CV-77-F

| | |
|---|---|
| COURTNAY BRISSETT and ) | |
| LADWIN BRISSETT, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| FREEMONT INVESTMENT & LOAN ) | |
| CORPORATION; WELLS FARGO BANK ) | |
| MINNESOTA; NATIONAL ASS'N /EMC ) | |
| MORTGAGE COMPANY; DEUTSCHE ) | |
| BANK NATIONAL TRUST, COMPANY; ) | |
| AMERICA'S SERVICING, LLC; GREEN ) | |
| TREE SERVICING, LLC; LITTON LOAN ) | |
| SERVICING, LLC, ) | |
| Defendants. | |

This matter is before the court on the Motion to Dismiss [DE-69] filed by Defendant Fremont General Corporation, n/k/a Signature Group Holdings, Inc.[1]

## I. STATEMENT OF THE CASE

A thorough statement of the present case requires the court to first take note of a previous case filed in this district by the *pro se* Plaintiffs: *Brissett, et al v. Freemont Investment & Loan*, Civil Action No. 4:07-CV-108. In an Order filed on January 8, 2008, Chief Judge Louise W. Flanagan allowed Defendant Fremont Reorganizing Corporation's[2] motion to dismiss, finding that Plaintiffs had not properly served Fremont. *See* January 8, 2008 Order [DE-14] in Civil

---

[1] On June 21, 2010, Defendant Fremont General Corporation filed a Notice of Name Change [DE-68] indicating that its new name is Signature Group Holdings, Inc.

[2] The defendant designated as "Freemont Investment & Loan Corporation" represents that it is now known as Fremont Reorganizing Corporation.

Action No. 4:07-CV-108. Specifically, Chief Judge Flanagan found that the summons and complaint were not directed or addressed to any of the individuals required to be served under Rule 4(j) of the North Carolina Rules of Civil Procedure. Chief Judge Flanagan dismissed Plaintiffs' claims without prejudice, and specifically provided:

> If plaintiffs seek to renew their presentation of claims against defendant in a successive lawsuit, plaintiffs are admonished to properly serve defendant in accordance with the foregoing. The court, within its discretion, will dispense with the requirement for payment by plaintiffs, proceeding *pro se*, of a second filing fee.

*Id.* at p. 7.

Plaintiffs thereafter filed the Complaint [DE-1] in this action alleging claims against Fremont Investment & Loan Corporation. The docket in this case reflects that the Clerk of Court noted that Plaintiffs failed to submit a Civil Cover Sheet or proposed summonses in this case, and that a deputy clerk called Plaintiff Ladwin A. Brissett and advised him that the Clerk's Office would send a Civil Cover Sheet and blank Summons. The Clerk's Office also advised Ladwin Brissett that Plaintiffs had failed to sign the Complaint. On May 19, 2008, the Clerk's Office wrote Plaintiffs, and returned the filing fee Plaintiffs paid in this case in accordance with Chief Judge Flanagan's earlier order. The letter also stated:

> Also enclosed is a JS44 Civil Cover Sheet and three blank Summons. Please complete these forms and return them to the Clerk's Office as soon as possible. Without these forms your ca[se] will not go any further.

May 19, 2008 Letter [DE-3].

The record reflects that the May 19, 2008, letter was returned to the Clerk's Office on June 12, 2008. *See* Notice [DE-4]. The Clerk of Court located another address for Plaintiffs, and

2

Case 4:08-cv-00077-F  Document 72  Filed 07/29/10  Page 2 of 6

sent the May 19, 2008, letter to that address. There is nothing in the record that indicates the letter was not delivered to Plaintiffs.

On August 15, 2008, Plaintiffs filed an Amended Verified Complaint [DE-6] naming the following parties as defendants: Freemont Investment & Loan Corporation, Freemont General Corporation, Wells Fargo Bank Minnesota, National Association/EMC Mortgage Company, Deutsche Bank National Trust Company, America's Servicing, LLC, Green Tree Servicing, LLC, and Litton Loan Servicing, LLC. The Amended Verified Complaint appears to be an incomplete document, but appears to allege claims for unfair and deceptive trade practices and an accounting.

Each of the named Defendants, except for Fremont General Corporation, filed motions to dismiss. Defendant Fremont General Corporation filed a Notice of Bankruptcy Filing, and by an order filed on November 12, 2008 [DE-49], the court stayed the action as to Fremont General Corporation.

Fremont General Corporation represents that Plaintiffs filed a Proof of Claim against Fremont General Corporation in the bankruptcy proceeding. In an order filed on May 17, 2010, the bankruptcy court disallowed the claim. *See* Mem. in Support of Mot. to Dismiss, Ex. A [DE-70-1]. Furthermore, Fremont General Corporation's bankruptcy proceeding was completed with the filing of an amended order by the bankruptcy court on May 24, 2010, stating that "upon the Effective Date, all Assets that are property of the Estate as of the Effective Date, including all Causes of Action . . . will vest (and will be deemed to have vested as of the Effective Date) in the Reorganized Debtor free and clear of the Claims of any Creditors." *See* Mem. in Support of Mot. to Dismiss, Ex. B at ¶ 16 [DE-70-2].

3

Fremont General Corporation now moves to dismiss this action.

## II. ANALYSIS

Fremont General Corporation argues, *inter alia*, that Plaintiff's Amended Verified Complaint should be dismissed pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure for insufficient process and insufficient service of process. A plaintiff bears the burden of showing that the service of process, and the process itself, complies with the requirements set forth in Rule 4 of the Federal Rules of Civil Procedure. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). The Fourth Circuit has counseled that

> [w]hen the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

*Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

Rule 4(b) provides that a plaintiff must present a properly completed summons for each defendant in an action to the clerk, who will then sign, seal, and issue the summonses to plaintiff for service upon each defendant. Rule 4(a) sets forth the requirements for a properly completed summons.

With regard to service of process, Rules 4(e) and (h) of the Federal Rules of Civil Procedure provide that service on a corporation may be made pursuant to the "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute

4

to receive service and the statute so requires, by also mailing a copy to the defendant." North Carolina Rule of Civil Procedure 4(j)(6)(c), in turn, allows for service on a corporation "[b]y mailing a copy of the summons and of the complaint registered or certified mail, return receipt requested, addressed to the officer, director or [authorized] agent."

In this case, Plaintiffs failed to submit summonses for any of the defendants, despite a reminder from the Clerk of Court to do so. Moreover, Plaintiffs failed to effect proper service upon Defendant Fremont General Corporation.

Plaintiffs failed to file a response to the instant motion to dismiss, and there is no indication in the record that Plaintiffs have submitted proposed summonses to the Clerk of the Court or attempted to effectuate proper service on Fremont General Corporation.

Despite a warning from the Clerk of Court, Plaintiffs failed to comply with the basic strictures of commencing a suit in federal court and submit summonses for each of the named defendants. Moreover, despite Chief Judge Flanagan's admonishment to Plaintiffs in Civil Action No. 4:07-CV-108 to comply in any future actions with the applicable rules for effecting service, Plaintiffs have failed to properly serve Fremont General Corporation. Accordingly, pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure, the Motion to Dismiss [DE-69] is ALLOWED, and Plaintiffs' claims against Defendant Fremont General Corporation are DISMISSED.[3]

---

[3] Because the court has dismissed Plaintiffs' claims against Fremont Reorganizing Corporation for failure to effect service of process and for insufficient process, the court does not reach the moving defendants' remaining arguments in support of their motions to dismiss.

## III. CONCLUSION

For the foregoing reasons, pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure, the Motion to Dismiss [DE-69] is ALLOWED, and Plaintiffs' claims against Defendant Fremont General Corporation, n/k/a Signature Group Holdings, Inc., are DISMISSED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 29th day of July, 2010.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge